## McClelland's Executor *versus* West.

1. "I agree to settle this bill with E." written at the foot of the bill and signed by the debtor, is not sufficient to take the debt out of the Statute of Limitations. It is an agreement to adjust, and supposes examination and inquiry into the accounts.

2. To take a debt out of the statute, the acknowledgment must be express of a subsisting debt.

3. Nothing but an unequivocal admission of indebtedness is such evidence of a promise to pay as will take the case out of the statute.

November 16th 1868. Before THOMPSON, C. J., READ, AGNEW, SHARSWOOD and WILLIAMS, JJ.

Error to the Court of Common Pleas of *Fayette county:* No. 134, to October and November Term 1868.

This action was commenced before a justice of the peace by Enos West against A. E. Wilson, executor, &c., of Joseph P. McClelland, deceased, and removed into the Court of Common Pleas by appeal, May 16th 1867. The declaration was in assumpsit, and the pleas were non assumpsit and non assumpsit *infra sex annos,* &c.

The evidence of the claim submitted to the jury was a bill dated November 6th 1849, containing a number of items which were footed up $25.64; below which the following was written:—

"The above bill was delivered at J. A. Langston's.
Interest to August 1864  .    .    .    .    .    $48.33
*I agree to settle this bill with Enos West.*
1864.                                    J. P. McCLELLAND."

The defendant requested the court to charge the jury, that the writing attached to the bill did not take it out of the statute.

The court (Gilmore, P. J.) charged the jury, that the agreement attached to the bill and signed by J. P. McClelland, would take the case out of the Statute of Limitations, if made in 1864.

The verdict was for the plaintiff for $58.88. The defendant took a writ of error, and assigned the charge of the court for error.

*D. Kaine*, for plaintiff in error, cited Weaver *v.* Weaver, 4 P. F. Smith 152; Harbold *v.* Kuntz, 4 Harris 210; Emerson *v.* Miller, 3 Casey 278.

*D. Donner*, for defendant in error.

The opinion of the court was delivered, January 4th 1869, by
READ, J.—" The acknowledgment of a debt," says Chief Justice Gibson in a *per curiam* opinion in Gilkinson *v.* Lowry, 6 W. & S. 217, "is evidence of a promise; but it ought to be plain, unambiguous, express and so distinct and palpable in its extent and form as to preclude hesitation." It must be an express acknowledgment of a subsisting debt. Nothing but an unequivocal admission of indebtedness is such evidence of a promise to pay as will take a case out of the operation of the Statute of Limitations.

The last case of Weaver *v.* Weaver, 4 P. F. Smith 152, in which the opinion was delivered by the present Chief Justice, distinctly affirms these propositions, and decides in conformity to the case of Emerson *v.* Miller, 3 Casey 278, that the word " settle" was not sufficient in that case from which to imply an acknowledgment of the debt and a promise to pay it.

So in the case before us the bill for lumber is dated November 6th 1849; it foots up $25.64, and at the end is written:—

" The above bill was delivered at J. A. Langston's.
Interest to August 1864     .     .     .     .     .     $48.33
Below is written
" I agree to settle this bill with Enos West.
1864.                                   J. P. McCLELLAND."

This is clearly not a promise to pay, nor is the word settle sufficient from which to imply an acknowledgment of the debt.

It is an agreement to adjust, and supposes examination and inquiry into the bill and the accounts between the parties. It would turn back the current of our decisions, to hold that there was an express acknowledgment of a subsisting debt.

Judgment reversed.